Your Honor, this is the third case in the morning of the fall, 209-831. The people of the state of Illinois v. Richard Kastman. On behalf of the Epoch Office of Eric Reinhardt, on behalf of the Epoch, Mr. David Berman. Mr. Reinhardt, you may proceed. Thank you. May it please the Court, good morning. Good morning. Kastman. Your Honor, this appeal presents unique issues regarding the appropriate structure of a recovery hearing under Section 9 of the Sexually Dangerous Persons Act. There are obviously no standardized jury instructions with respect to recovery proceedings under the Sexually Dangerous Persons Act, and the appellant is arguing that there was error in the jury instructions in this case. Mr. Kastman was confined as a sexually dangerous person in 1993. In 2007, he filed an application for both full release and conditional release. In 2009, there was a trial and there were jury instructions that were tendered that did not appropriately set forth the burden on the issue of conditional release. Mr. Kastman was seeking conditional release, and he was entitled to a constitutionally proper trial on the issue of conditional release. That did not occur here. The State was never saddled with, for lack of a better term, a specific burden on the issue of conditional release. When a person is confined under the Sexually Dangerous Persons Statute, a jury must be convinced initially beyond a reasonable doubt of four propositions, what I will essentially call the definitional elements. That is, if these four things are true, you are under the jurisdiction of the Sexually Dangerous Persons Act. Those four things are, sort of paraphrasing here, Your Honors, mental illness, past propensities to commit acts of sexual violence, current propensities to commit those same acts of sexual violence, and then finally, that there is a substantial likelihood that the individual would commit a sex offense if not confined in some way. Those four definitional elements are seen throughout the Supreme Court and this Court's jurisdiction.  Those four definitional elements continue to exist. But there's an additional question in a recovery proceeding that was not correctly put in front of the jury in my client's case. The other question that must be asked is whether or not the conditions are such that he can be put into the community on conditional release, what could essentially be understood as very intensive parole. That question was never presented to the jury in a constitutionally correct way. Well, let's look at Verdict Form C, which was proposed, I think, by you, because weren't you the trial? Were you involved in the trial at some point? Yes, I was. How does that do it? Well, we had two proposals. I'm looking at the one that says Judge Schippers will then determine under what circumstances the defendant may be released, which will adequately protect the public. Is that in the appendix? It's at C, 1894. Okay. I don't know if it's in your appendix. If you want to look at mine. I apologize, Your Honor. I'm not sure if that's the final one. I'm sorry, you're looking at Verdict Form, not the Proposition Form. Right. Yes, you're right. It's Proposed Instruction Number 10. Yes, I'm sorry. I apologize. The Proposed Verdict Form does not get it done completely because there's no allocation of the burden. Correct. The question is the Proposition's Instruction. The Proposition's Instruction that the trial court gave set forth the four definitional elements correctly, but it didn't set forth any question, any factual proposition, any issue with respect to conditional release. If you look at the actual instruction here, if you look at the actual instruction, the trial court's approach was particularly concerning because in the four propositional instructions, if the jury found that any one of those was not met by clear and convincing evidence, that is, he doesn't meet the definition of sexually dangerous anymore, the jury was then asked to decide between essentially full release and conditional release. But that doesn't work because what if the jury found that the state had not shown by clear and convincing evidence that he had a mental health problem? He should be released at that point. Under the state's approach, or excuse me, under the trial court's approach, and under the approach being advocated by the state here, a sexually dangerous person could found to be no longer mentally, have a mental illness, but still be placed on conditional release. But conditional release has, it doesn't have a set number of conditions in the SDP statute, it does in the SDP statute, but obviously you're looking at potentially dozens of conditions. And if you're on conditional release, you're still under the jurisdiction of the court, you're still under the jurisdiction of the only department of corrections, essentially you're one curfew away, you're one missed curfew away from prison. So it seems that the four definitional elements of sexually dangerous must apply at all times if you're going to be placed on conditional release. If they're going to be monitoring who your friends are, who you're emailing, what's on your computer, I think it's clear from the Supreme Court's jurisprudence on this that essentially you had better be under the jurisdiction of the court. So the trial court's approach and the approach advocated by the state in this appeal seems to leave the possibility that an individual could not be sexually dangerous by the statute, but then still potentially be set under conditional release. I think that in the trial court, I think that in the trial court, Castman's attorneys proposed two different approaches that would have been much closer to being constitutionally sound in the sense that there was still a factual proposition being put to the jury that the state had to bear the burden on. And I think that under Traynor and I think that under the Castman ruling out of this court in 2002, it's clear that the state must bear the burden. So if the state must bear the burden to prove that he should not go forward on conditional release, where did that happen in this trial? If we look at the actual verdict form in this trial, you can see that as the jury would have been picking between the two alternatives, full release and conditional release. It's clear that there was never an allocation of the burden. There was never a question to the jury with respect to did the state prove this by clear and convincing evidence. Are you saying that because there wasn't a proper issues instruction that they erroneously found that he was still sexually dangerous? I think that potentially, yes. Well, first of all, the fact that he was found to still be sexually dangerous, we believe is only the first prong. We're advocating a two-prong approach. Mr. Castman and his attorneys have always advocated a two-prong approach, very similar to a second and pre-jury instruction we think may be an appropriate analogy. In this situation, the jury found that all four propositions were met by clear and convincing evidence. We believe that after they found those four definitional propositions had been met, there needed to be a second inquiry on which the state had the burden to show that he should not be placed on conditional release. So we believe that essentially the jury found that he continued to be defined as a sexually dangerous person, that the guardianship should continue, that he should still be under the jurisdiction of the court, but placement was not appropriately decided. So I think that there needed to be a second inquiry even after they found those four propositions by clear and convincing evidence. Isn't that an argument to be made to the General Assembly and not to this Court? That once the state satisfied their burden to detain this man under the Constitution, and the United States Supreme Court has said clear and convincing evidence standard is sufficient, and that's what the Fifth District recently said in Craig, isn't your argument really to the General Assembly once the state has satisfied their burden of proof that you're suggesting there should be some other option for these people? Well, respectfully, Your Honor, no. Because Treanor, a pronouncement of this Supreme Court, says that the state must bear the burden on every factual proposition. It's similar to a prime deed. It's not exactly a prime deed. Wasn't that what the statute said at the time, though? That? That the burden was beyond a reasonable doubt. Oh, sure. Yeah, I think the statute at the time... Was silent on recovery. The statute was silent on recovery. Effective in 06, they made it clear and convincing. But the Treanor Court had to come in and say, was who bared the burden of persuasion at a recovery proceeding? And actually that was a problem in Mr. Kaskin's case as well in 2002. And that was preliminary or foundational to its determination that the state did not have the right to seek a summary judgment? Correct. That's true in Treanor. Because the way the trial court ruled, it was based upon the belief that the defendant who had the burden of going forward, the burden of proof, didn't do so. And therefore, the state was entitled to question whether or not there was a material issue of fact for lack of evidence. Yes, I agree. That is exactly what Treanor was about. But Treanor went on to both state clearly that the state has the burden to essentially disprove recovery, and that at that time had to be shown beyond a reasonable doubt. Now, the legislature later inserted clear and convincing evidence. Part of this appeal was about whether or not that was proper. Do you think Treanor also prohibits the defendant from seeking summary judgment? No. I think an applicant could seek summary judgment, obviously, which is what we did in this case when they missed their request to admit deadline. Because the state, there are scenarios under which if the state, for example, were to admit after a request to admit deadline had been missed that he no longer had a mental illness, the applicant would be entitled to summary judgment. So we have all three issues in the booth now. But to go back to your question, Justice, I think that Treanor came in and said constitutionally that the burden had, that the state has a burden in a recovery proceeding. So I don't think that was a legislative enactment. I think that was a constitutional requirement. And I think what's never happened, or I think what's unique about this appeal, is that no court has said what that actual proposition must be, and no court has said what the structure of these jury instructions should be with respect to conditional release. So on the one hand, conditional release, you're very much under the jurisdiction of the court. You're, as I said, one missed curfew away. But I'm sorry. Let me ask you this. How could clear and convincing be unconstitutional for recovery if clear and convincing withstands constitutional scrutiny for the initial determination? Well, the initial determination is still beyond a reasonable doubt. Well, I'm talking about constitutionally. The United States Supreme Court has said clear and convincing satisfies due process for purposes of the initial determination. Yes. I think, Your Honor, that you're referring to Addington and Foucha, the Supreme Court decisions. And also Samuelson and other cases under the Sexually Violent Persons Act. Correct. But our Supreme Court said the same thing. Well, there are important differences between the Sexually Violent Persons Act and the Sexually Dangerous Persons Act. The clear and convincing standard is not appropriate here for a few reasons. Constitutionally appropriate, it's not. First of all, Treanor and Pembroke both were interpreting the due process clause of the United States Constitution and the Illinois Constitution, and they were looking at the Sexually Dangerous Persons Statute. There are unique things about the Sexually Dangerous Persons Statute. For example, Mr. Kassman has never been found guilty of an offense beyond a reasonable doubt. He may have been committed beyond a reasonable doubt. But that's one problem with there never being a beyond a reasonable doubt standard. Second of all, as in Mr. Kassman's case, it's a misdemeanor, and that could not happen in a sexually violent person's case. So there should be stricter constitutional requirements with respect to the Sexually Dangerous Persons Statute than the Sexually Violent Persons Statute because you have misdemeanors and you have essentially what is a pre-adjudication statute. But in Treanor and Pembroke, it's clear that our Supreme Court is interpreting the Sexually Dangerous Persons Act. Addington and Foucher are about commitments to hospitals. They were interpreting the act before it was amended. That's true. No, that's true. They definitely were. And that amendment enjoys a presumption of constitutionality. It does. It does. But in rereading Pembroke, which I'm aware is an older case, Pembroke talks about the drastic impairment of liberty that people like Mr. Kassman face, and Pembroke seems to be talking about a constitutional rule. It's citing a case called, I think, Stalchuk. I'm not sure if I'm saying it right. Stalchuk v. Coughlin, which is out of the Seventh Circuit. And again, those cases are about constitutional due process requirements. So I agree, Your Honor, that they were obviously talking before the act had been amended, but Craig, which is from the Fifth District, Craig seems to be engaging in statutory interpretation. Craig seems to be saying, well, the legislature said this, and therefore it must be good. But I don't know that the Craig court really grappled with our Supreme Court's rulings in Traynor or Pembroke. It's not a question of what the legislature meant. They clearly meant to put in a clear and convincing standard evidence. So to get back to Justice McClure's question, doesn't Traynor, on the summary judgment issue, doesn't Traynor, the Supreme Court said specifically, and I quote, a motion for summary judgment is an inappropriate civil remedy that has no place in applications for recovery filed under the act. They didn't say for the state. They said it has no place as a civil remedy in recovery proceedings. Yes, Your Honor, to answer your question, Justice McClure's question, I think that the Traynor court was simply not talking about a situation we have here. We don't have the statute. The act says that it's both quasi-criminal and quasi-civil. The Traynor court seemed, obviously, to be talking about a motion by the state. But in a case where we have here, where the state has essentially, in our opinion, admitted 210 facts, it seems that judicial economy and also the plain reading of the Sexually Dangerous Persons Act, which says it's civil, would apply. There is no reason that summary judgment shouldn't or wouldn't apply in a situation where the state bears the burden. If the state has admitted through these requests to admit on the deadline that they missed, if they've admitted that, then I don't know. I know that language is in there, Your Honor, but I don't know policy-wise or jurisprudentially why it would apply to Mr. Casper. I have one last question, and it relates to my other question about do you think that the jury had a problem and, therefore, you said it's possible. Was there anything in the record that shows jury confusion? Are there any notes? Are there any requests for transcripts? Are there anything, the time of deliberation, that would indicate that there is a jury confusion in this case? No. No. I think that the instruction on his face is confusing and inappropriate. But, no, I don't believe there were any notes or questions like that. So I guess I reserve the rest of my remarks for my rebuttal. You'll have an opportunity for rebuttal. Thanks. Mr. Bernhardt. Good morning, Your Honor. Good morning. I guess I'll take the last point. As far as Penbrock goes, they were talking about the difference between the statute on the Sexually Dangerous Persons Act and the Mental Health Commitment Act, which is a difference between, at that time, guilty beyond a reasonable doubt and preponderance of evidence. And they discussed the two different standards there. So I don't think that applies here. In Treanor, they weren't talking about the burden of proof as much as the standard of proof, guilty beyond a reasonable doubt. And that was the law until the legislature changed Section 9 in 2006 and made the amendment on the recovery clear and convincing. So, therefore, I don't think those cases really do apply. The cases that Your Honor had discussed before, those are the ones that apply. Addington has said clear and convincing is the standard that meets constitutional due process. Our Supreme Court has said it. But, in fact, the legislature has determined that they want to give more due process. And at the initial hearing, it's guilty beyond a reasonable doubt. The recovery hearings then become clear and convincing. As the Court stated, this is near the same standard as guilty beyond a reasonable doubt. So they said, you know, balancing the two positions, that this was good enough that the statute had done the right thing in balancing interest. Now, the state has an interest in treating this person, has an interest in protecting the public. Thus, they moved the burden down just a bit to clear and convincing. Now, as far as the proposition instruction, the people, as we stated in our brief, we contend that this issue is moot because the jury had no problem determining that this person was still sexually dangerous. I don't think, and we don't think that this issue is right for determination because there was no issue here about conditional release. So we would first state that it's an academic exercise right now. It really shouldn't be decided until we get something where someone's actually, where the jury is confused or they actually say, yes, he deserves conditional release. Or we agree with that. Now, there is nothing in the statute that says that if the jury determines that there is, you know, that this person is probably not sexually dangerous, but we can't tell for sure. Well, they do, the state has the burden of proving that. But once that is done, I think it's proper function the legislature did the right thing in saying, okay, well, now for the protection of the public, for the health of this individual, we're going to err on the side of caution. I'm protecting children. And we are going to say, okay, we're going to make the court decide what the conditions of release are for this person. I think that's a perfectly rational reason for having this in the statute. There is an overwhelming interest in protecting our children from sexual abuse. So certainly I think they mesh the interests of both the respondent and the state's interest in writing this statute.  So we would submit that it's... You mentioned the protection of children. Is that because in this instance children were involved? Or are you suggesting that children are always involved? Well, in this case children were involved. Usually in the Sexually Dangerous Persons Act, it's usually, I would say generally but not specifically, always someone we're dealing with, someone who abuses children. Okay. And what the state has done is besides trying to protect those children, we're also trying to become or to help cure this person. But I think the legislature falls on the side of children and sexual abuse victims. And your honors certainly understand that these are tough situations. These people are sick. It's very difficult for them to... I don't know if the word is cured or certainly realized. It's not an exact science to know when these people are cured or not. And I think the legislature made the proper determination in deciding to err on the side of those children and any sexual abuse victim. Can the state think of or during the course of preparing this, could you think of a reason not to give a jury instruction that complied with the statutory language? I can think of no reason. I mean, when there's usually, I think the general rule is when we don't have, you know, the jury instructions already written up in the patent jury instructions, that usually they take the instructions from the statute, use the words in the statute. And I think that was a proper way of going about it. And it hasn't come up before in this situation. And we think that it's still working in a fine manner. As Justice Burkett said, this is maybe something that they would talk to the General Assembly about changing if they wanted to. But it certainly means constitutional muster. Let me ask you a question about the late compliance with the request to admit. The argument is that the failure of the state to introduce any evidence resulted in an abuse of discretion by the trial court allowing the state to answer. Well, number one, I don't think Rule 183 requires evidentiary hearing or so-called evidence. A lot of cases talk about explanations. I think the assistant gave a pretty good explanation. The other thing is he is an officer to court. He is bound to tell the truth. I think the judge looked not only at the assistant's words, but also I think the history of the office, the size of the office, and the fact that we attorneys, although we don't like to think so, we make mistakes sometimes. I don't think it's a historical proposition that Lake County drops the ball on these conditions. They were around 30 days late. We admit it. It was a mistake, but it was an inadvertent mistake. And certainly, again, you have to look to the balancing act here. Do we allow someone who has been found to be sexually dangerous out because of a procedural, what you would call unintentional noncompliance with the procedural rule, and let him out on a summary judgment? We just think that that would not be logical. We do. I mean, we do allow in civil cases, and this is a civil procedure on this request to admit, we do allow serious consequences to occur for failure to answer the request to admit. I agree, and I think it is a civil, but it's almost like a quasi-criminal also. This is a person. It's not that you're not only losing your right to maybe get money, judgment, or equitable relief. This is something I think all your honors would agree is far more serious than just money or a contractual obligation. This is people that can be victimized by someone and their entire life be affected by the abuse. So I think there's this quasi-criminal, and that's what the legislature thought about. When they gave the defendant or respondent these rights, they said, okay, guilty beyond a reasonable doubt in the first hearing, and then after that, after the state has proved that, we go to clear and convincing. So I think the legislature realized that it's something more than just civil, more than just money or contractual. It's something about people's lives, about, you know, and in this case, children's lives. And I think, again, they've made the proper balance here. There is a liberty interest involved with the defendant, is there not? There is a liberty. Or respondent. Yes, yes. The law generally suggests that if a motion for summary judgment is denied and there is a judgment on the merits where evidence is presented, that the grant or denial of the motion for summary judgment is moved, and we then, the court of review then reviews the judgment based upon manifest weight or whatever other errors there are, and we shunt aside the motion for summary judgment because it's been superseded by a full-blown hearing. Right, and it goes, again, what the courts have said. We want to look to the merits rather than the technicalities. Well, I gather in this particular case the issue is the trial court abused its discretion in allowing you to respond rather than, even after your response, we were still entitled to summary judgment, i.e. there was no material issue of fact and the defendant was entitled to a judgment as a matter of law. Well, I would disagree with that. The assistant made a number of explanations for why this, as the trial judge said, fell through the cracks. And the trial judge accepted these. The trial judge, there's many cases that say that they have, it's within their sound discretion to decide discovery issues. Now, if we put this on the other foot, let's say the state went in on a summary judgment, same thing, on a summary judgment against the respondent, I don't think this court would say, oh, he doesn't get a hearing. There's a liberty interest involved. He doesn't get a hearing if we put it on the opposite, you know, foot. Well, I think you have to look at it that way, too. There has to be a hearing one way or the other because there are liberty interests involved. Well, Traynor suggested the reason why there had to be a hearing is because the defendant was entitled to certain rights unless he waived them. It didn't say that the state had certain rights unless it waived them. So if you read Traynor and you read some of the rationale for why it made the ruling that it did, it basically said that the defendant has rights to a hearing, to a trial, to a jury trial, so it desires. And so Traynor doesn't speak. In fact, if you read the holding, it specifically says the question before us is whether or not the state has the right to seek general summary judgment. It doesn't say anything or make any determination about whether the defendant can or cannot seek a motion for summary judgment. That may be so, but, again, you have to go and look to the balancing that the legislature did between someone that could harm society versus someone who couldn't. They talked about that in mental health cases where there are many times people are mentally ill and may be committed, but they're not violent, they're not sexually dangerous. Do you believe that this is a civil or a criminal proceeding? I think it's a little bit of both, but I think it's in the civil realm. Well, maybe you should read my dissent in Tri-Marble because what I said was what Justice Fitzgerald said in a comment that he made in another case, and that is that you have to look at the issue that's involved, the contention between the parties, to determine contextually whether it relates to a civil or a criminal proceeding. Fitzgerald essentially suggested that if civil proceedings apply in situations where liberty interests are not involved, if liberty interests are involved, then you have to deal with it as a criminal proceeding. And a proceeding can be civil or criminal in the same proceeding depending on what it is that you are in contention or arguing about. Well, in that case, then, certainly you wouldn't want to, in a criminal proceeding, to dismiss a case on a mere technicality, on a noncompliance of a procedural requirement when the state's unfelt through the cracks. Is a civil or, pardon me, is a liberty interest involved in dismissing this on a technicality? Well, there's a liberty interest not on the part, well, yes, on the part of the respondent, but also there's that, again, that balancing act of the protection of the public, too, which is a criminal type of proceeding, and the protection of the public, and to give this person counseling and try to heal him. Well, then we go back to square one, and should this then be beyond a reasonable doubt? Well, no, because in this case, Addington and our Supreme Court have said that clear and convincing is fine for the initial… If we're going to use the policy reasons for why we're going to protect people's interests, then why shouldn't we apply your logic the same way in both instances? I'm not sure I understand your honest question. It seems to me that what you're saying is the relief that the state is seeking is to protect the public, correct? Correct. Isn't that what a criminal proceeding is supposed to do? Isn't that the reason why we actually incarcerate people? Correct. Is to quarantine them from the public? Yes, but also there's another function, a cure function, to treat these people, these respondents. That's why we don't go completely to… There's no reason a state's attorney couldn't go into this and have criminally charged this respondent, but they wanted to go and made the decision to make him a respondent in a quasi-civil, quasi-criminal proceeding so he could get the help that he needed. Any other questions?  Thank you. Thank you, ma'am. Joe, you're here. Mr. Reinhart. Thanks. Justice McClaren, I think you brought up an interesting point about the liberty interest versus the technicality. Respectfully, the state's argument today about the consequences, frankly, has very little place after Vision Point. The Supreme Court's ruling in Vision Point was very clear. Look at good cause. Look for clear, objective reasons as to why the deadline was missed. Vision Point is basically saying don't look at something like the consequences. The state's argument today really essentially nullifies Rule 216 in sexually dangerous persons' cases. They're saying don't let somebody out who's going to hurt children because of a technicality. That's not what happened here. When Mr. Kastner filed his application, he was presumed to be recovered, and at that point he enjoys both the discovery tools of the civil process and the criminal protections of the criminal system because of his liberty interest. When he filed his application, he also filed a jury demand. He did. He did. I believe he did. At some point there was a jury demand. The state, whoever first looked at the application, saw jury demand pursuant to the act. Sure. So they were not anticipating summary judgment. Well, when they got the request to admit, I mean, when they got the request to admit or the document request or whatever the civil discovery was, frankly, in the prior proceedings. That had never been done. No, no, it hadn't. I mean, it's in the record, all the prior discovery tools. Depositions had been taken. Depositions had been taken in 06. But you can't say that the consequences are severe, so therefore that is good cause. Vision Point says do not do that. Look at it. Clear, objective reasons. The state today refers to the assistant being an officer of the court, respectfully. That applies when the attorney speaking is talking about what he or she knows. If my laptop fell in the pool, when I say, Your Honors, my laptop fell in the pool, I'm an officer of the court. But the assistant here was sent down to answer questions about what was going on for supervisors. They didn't send down a supervisor to answer questions about what was going on in that office. They sent an assistant down to say, well, I'm an officer of the court and I'm saying that there were staffing changes. There must be clear, objective reasons on the record as to why they should get additional time. That did not even come close to happening here. In fact, though, Counselor, you and Mr. Radasevich also were aware of these staffing changes. You've been in the corresponding office. You knew who became a supervisor, who didn't become a supervisor, and you knew what courtroom this was going to be. But you didn't file it with the attorneys who were assigned to that courtroom. Ms. Stanton was the attorney who did it in 06. We filed it on Ms. Stanton. We were now informed that Ms. Stanton would not be doing the second Castman case. I did the 06 Castman case. I gave it to my opponent, Ms. Stanton. We also served it on Mr. Kleinhuber because we know that this case has been assigned to the misdemeanor division of the Lake County State's Attorney's Office. So we gave it to Mr. Kleinhuber. We dropped off two counties. My former trial opponent and supervisor of the division. Frankly, on a daily basis, we drop off notices for Mr. Waller. We drop off notices for the head of the office. With respect to the issue of who is going to be the assistant in the courtroom, respectfully, we think it would have been more dangerous to do that because there's so much staffing changes. So our alternative is essentially Mr. Waller, the supervisor of the misdemeanor division, and my prior trial opponent. I don't know who else to serve it on at that point. Well, the person assigned to the courtroom that it was going to be heard in? Ms. Stanton was not assigned to the courtroom in 06, and she did the trial in 06. Just because whether you're assigned to that courtroom doesn't mean you're going to do the Richard Castman trial. That case is being handled by any number of assistants. Is there a special division in the Lake County State's Attorney's Office that does this? For Mr. Castman? No. A special division for sexually dangerous persons? No. So we serve the people that we can think to serve. And just very respectfully, I have to disagree with the State's approach that you look at the consequences. That would essentially completely rule out Rule 216. Also, the public policy exception further explains why this case is not moved. It's obviously capable of repetition. Individuals can file for release a year after they have been denied. There's obviously cases up and down the state with respect to that. But even in the context of this case, it's not moved. Because let me, if I could just pose a question. If Castman had only applied for conditional release, only, I think the question is, what would the proposition instructions have been? Mr. Barnard said, well, the issue of conditional release was never in front of the jury. I don't know what that means. He applied for conditional release. It needed to be in front of the jury, and there needed to be a factual proposition on that issue that the state bore the burden on. For those reasons, respectfully, we would ask that this case, essentially that this court enter or reverse the judgment on the summary judgment issue or rename the case for jury propositions instructions that are consistent with the Constitution and also with the statute. Thank you very much for your time. Thank you. We'll take the case under advisement.